IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| EDUARDO ROSALES, | * | |
| Petitioner, | * | |
| v. | * | |
|  | * | Civil No. 26-657-BAH |
| VERNON LIGGINS ET AL., | * | |
| Respondents. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

The Court has received Respondents' response to the order to show cause (ECF 6), wherein Respondents represent that Petitioner Eduardo Rosales ("Petitioner") has been detained "after alleged violations of Petitioner's Alternative to Detention Agreement ('ATD')." ECF 7, at 1. Respondents assert that Petitioner allegedly violated ATD conditions based on a failed home visit on April 29, 2025, and a missed biometric check-in on November 24, 2025. *Id.* Petitioner did not file a response.

Upon consideration of the Petition for Writ of Habeas Corpus (the "Petition"), ECF 1, the response filed by Respondents, ECF 7, and the entire record in this case,[1] the Court finds that no further briefing is necessary, and the Petition can be decided without a hearing. It is hereby:

---

[1] As requested, the Court incorporates the arguments made by Respondents in *Lopez v. Noem*, Civ. No. 25-3662-GLR, 2025 WL 3496195 (D. Md. Dec. 5, 2025), *Bautista Villanueva v. Bondi*, Civ. No. ABA-25-4152, 2026 WL 100595 (D. Md. Jan. 14, 2026), and *Perez Saavedra v. Lyons*, Civ. No. 26-425-BAH. The Court hereby adopts the reasoning in those cases and issues the instant order for the same reasons the undersigned has articulated in similar cases. *See, e.g.*, *Ailon-Lopez v. Bondi*, Civ. No. 26-160-BAH, *Arevalo-Ixam v. Noem*, Civ. No. 26-081-BAH, *Baicu v. Baker*, Civ. No. 26-202-BAH, *Vicente Romero v. Bondi*, Civ. No. 26-219-BAH, *Aguirre Aguirre v. Baker*, Civ. No. 26-319-BAH, *Lopez-Lopez v. Noem*, Civ. No. 26-0008-BAH, and *Carranza Buste v. Bondi*, Civ. No. 26-366-BAH.

**ORDERED** that the Petition is **GRANTED** in part, insofar as the Court finds that the Petitioner is entitled to the relief set forth below, and is **DENIED** as to any further relief at this time:

1. Petitioner is detained under 8 U.S.C. § 1226(a), and Respondents are ENJOINED from detaining Petitioner under 8 U.S.C. § 1225(b);

2. Petitioner is entitled to, and shall seek, a bond hearing consistent with 8 C.F.R. §§ 236.1(d), 1003.19 and 1236.1(d), which shall be held within 10 days of the Petitioner's filing of a motion with the Immigration Court;

3. The bond hearing may be conducted by any Immigration Judge with jurisdiction or administrative control over Petitioner's detention and need not take place in Maryland; The hearing must comply in all respects with the regulations at 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d) and any attendant process available pursuant to these provisions and Petitioner must be present (in person or by video) and able to participate in the hearing;

4. If Petitioner is not provided with a bond hearing before an immigration judge within 10 days of his filing a motion with the Immigration Court, Respondents shall release Petitioner from custody with reasonable conditions, which may include the requirement that Petitioner appear for a bond hearing at an Immigration Court in Maryland;

5. The parties shall provide this Court with a joint status report within 14 days as to the status of the case and whether the matter may be closed; and it is further

**ORDERED**, that the Court shall **RETAIN** jurisdiction of this matter to enforce compliance with this Order.

Dated: February 20, 2026

　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　　Brendan A. Hurson
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge